IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 20–cv–03810–WJM–KMT

HAUOLI ULRICH,

    Plaintiff,

v.

DEPARTMENT OF HUMAN SERVICES,
COLORADO MENTAL HEALTH INSTITUTE IN PUEBLO,
STATE PERSONNEL BOARD, and
DEPARTMENT OF PERSONNEL & ADMINISTRATION,

    Defendants.

---

**ORDER**

---

Before the court is Defendants' "Motion to Stay Discovery and All Other Proceedings Pending Jurisdictional and Immunity Determinations." (["Motion"], Doc. No. 37.) Plaintiff has responded in opposition to the Motion. (["Response"], Doc. No. 44.) No further briefing has been filed, and the time to do so has lapsed. For the following reasons, the Motion is GRANTED.

**STATEMENT OF THE CASE**

Plaintiff Hauoli Ulrich ["Plaintiff," or "Ulrich"], proceeding *pro se*,[1] brings this employment discrimination action against Defendants Department of Human Services ["DHS"],

---

[1] Mindful of Plaintiff's *pro se* status, the court "review[s] h[er] pleadings and other papers liberally and hold[s] them to a less stringent standard than those drafted by attorneys." *Trackwell v. United States*, 472 F.3d 1242, 1243 (10th Cir. 2007) (citations omitted); *see Haines v. Kerner*, 404 U.S.

Colorado Mental Health Institute of Pueblo ["CMHIP"], State Personnel Board ["SPB"], and Department of Personnel & Administration ["DPA"], alleging violations of the Americans with Disabilities Act ["ADA"], 42 U.S.C. §§ 12101, *et eq.*, and the Colorado Anti-Discrimination Act ["CADA"], Colo. Rev. Stat. §§ 24-34-402, *et seq.*. (["Complaint"], Doc. No. 1.) Plaintiff alleges, specifically, that while she was employed by CMHIP, Defendants "fail[ed] to explore reasonable accommodations concerning the [face] mask requirement," and ultimately terminated Plaintiff's employment without providing "valid reasons" for doing so. (*Id.* at 3-11.) As relief, Plaintiff requests monetary damages only. (*Id.* at 33.)

On March 11, 2021, Defendants responded to Plaintiff's allegations by filing a motion to dismiss, pursuant to Federal Rule of Civil Procedure 12(b)(1), for lack of subject matter jurisdiction, and pursuant to Federal Rule of Civil Procedure 12(b)(6), for inadequate pleading. (Doc. No. 17.) Six weeks later, on April 20, 2021, Defendants filed the present Motion, asking that discovery in this matter be stayed, pending resolution of their previously filed motion to dismiss. (Mot. 1.) Defendants argue that a discovery stay is appropriate here, because their motion to dismiss raises jurisdictional challenges to this lawsuit, and because all relevant factors weigh in favor of a stay. (*Id.* at 2-4.)

## STANDARD OF REVIEW

The Federal Rules of Civil Procedure do not expressly provide for a stay of proceedings. Rule 26(c), however, permits a court to "make an order which justice requires to protect a party . . . from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P.

---

519, 520–21 (1972) (holding the allegations of a *pro se* complaint "to less stringent standards than formal pleadings drafted by lawyers").

26(c). Further, "[t]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936) (citing *Kan. City S. Ry. Co. v. United States*, 282 U.S. 760, 763 (1931)).

In this District, a stay of discovery is generally disfavored. *See, e.g.*, *Miles v. BKP, Inc.*, No. 18-cv-01212-PAB-MEH, 2019 WL 5957296, at *1 (D. Colo. Nov. 13, 2019); *Rocha v. CCF Admin.*, No. 09-cv-01432, 2010 WL 291966, at *1 (D. Colo. Jan. 20, 2010); *Chavez v. Young Am. Ins. Co.*, No. 06-cv-02419-PSF-BNB, 2007 WL 683973, at *2 (D. Colo. Mar. 2, 2007). Nevertheless, the decision whether to stay discovery rests firmly within the sound discretion of the court. *United Steelworkers of Am. v. Or. Steel Mills, Inc.*, 322 F.3d 1222, 1227 (10th Cir. 2003) (quoting *Landis*, 299 U.S. at 254).

In ruling on a motion to stay discovery, five factors are generally considered: "(1) [the] plaintiff's interests in proceeding expeditiously with the civil action and the potential prejudice to [the] plaintiff of a delay; (2) the burden on the defendants; (3) the convenience to the court; (4) the interests of persons not parties to the civil litigation; and (5) the public interest." *String Cheese Incident, LLC v. Stylus Shows, Inc.*, No. 02-cv-01934, 2006 WL 8949955, at *2 (D. Colo. Mar. 30, 2006); *see United Steelworkers*, 322 F.3d at 1227. Further, "a court may decide that in a particular case it would be wise to stay discovery on the merits until [certain challenges] have been resolved." 8A CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 2040, at 198 (3d ed. 2010). "[A] stay may be appropriate if resolution of a preliminary motion may dispose of the entire action." *Serv. First Permits, LLC v. Lightmaker Vancouver (Internet) Inc.*, No. 18-cv-02089, 2019 WL 109335, at *3 (D. Colo. Jan. 4, 2019)

(quoting *Elec. Payment Sols. of Am., Inc.*, No. 14-cv-02624, 2015 WL 3940615, at *1 (D. Colo. June 25, 2015)).

## ANALYSIS

In this case, as to the first factor, Plaintiff argues that the court "must allow discovery" to proceed, so that she can "prove the claims of failure to accommodate, disability discrimination, wrongful termination, and retaliation." (Resp. 2.) Defendants, for their part, insist, though without any elaboration, that Plaintiff "will not be prejudiced by any delay that may result" from the imposition of a stay. (Mot. 3.) Given that Plaintiff does, in fact, have an interest in proceeding expeditiously, the court finds the first factor to weigh slightly against the imposition of a stay. *See Four Winds Interactive LLC v. 22 Miles, Inc.*, No. 16-cv-00704-MSK-STV, 2017 WL 121624, at *2 (D. Colo. Jan. 11, 2017) (finding the first factor to weigh against a stay, because of the plaintiff's interest in proceeding expeditiously, and because a final determination on the motion to dismiss "could take several months"); *accord Breckenridge v. Vargo*, No. 16-cv-01176-WJM-MEH, 2016 WL 7015702, at *2 (D. Colo. Nov. 28, 2016) (noting that, in this District, "a stay of proceedings in a civil case pending resolution of a dispositive motion can last several months or more").

As to the second factor, Defendants argue that they would be "harmed" if discovery was to proceed prior to the resolution of their motion to dismiss, particularly because their "[a]gency staff will be diverted from their official duties in order to respond to discovery requests." (Mot. 3.) Because Defendants' motion to dismiss appears to be predicated mainly upon threshold questions of law, the court finds that Defendants could be prejudiced by engaging in discovery at this time. *See Al-Turki v. Tomsic*, No. 15-cv-00524-REB-KLM, 2015 WL 8758745, at *2 (D.

4

Colo. Dec. 15, 2015) (finding the second factor to weigh in favor of a stay, where the underlying motion to dismiss raised only legal arguments for dismissal); *Sallie v. Spanish Basketball Fed'n*, No. 12-cv-01095-REB-KMT, 2013 WL 5253028, at *2 (D. Colo. Sept. 17, 2013) ("Courts have recognized that a stay is warranted while the issue of jurisdiction is being resolved.").

Looking to the remaining *String Cheese Incident* factors, the third "court convenience" factor also weighs in favor of stay. By imposing a discovery stay in this case, judicial economy will be enhanced, because scheduling and discovery issues will not be raised, and the court will be able to focus its attention on the dispositive legal issues raised in Defendants' motion to dismiss. *See Burkitt v. Pomeroy*, 15-cv-02386, 2016 WL 696107, at *2 (D. Colo. Feb. 22, 2016) ("[I]t is certainly more convenient for the Court to stay discovery until it is clear that the case will proceed."); *Hildebrand v. Douglas Dynamics, Inc.*, 15-cv-00486, 2015 WL 2207773, at *1 (D. Colo. May 6, 2015) ("[I]t is early in the litigation and resolving legal issues at the early stage before discovery accords with judicial efficiency."). The fourth factor bears no weight, as there are no non-parties with significant, particularized interests in this case. As to the fifth factor, the general public's primary interest in this case is an efficient and just resolution. Avoiding wasteful efforts by the court and the litigants serves that purpose.

Therefore, considering the *String Cheese Incident* factors together, as well as the strong interest of resolving immunity questions before subjecting government officials to the vicissitudes of litigation, a stay of discovery is appropriate in this case.

Accordingly, it is

**ORDERED** that the "Motion to Stay Discovery and All Other Proceedings Pending Jurisdictional and Immunity Determinations" (Doc. No. 37) is **GRANTED**. Discovery in this

matter is **STAYED** pending resolution of Defendants' motion to dismiss.  (Doc. No. 17.)  The parties shall file a joint status report within ten days of a final ruling on the motion to dismiss, if any portion of the case remains, to advise whether the proposed scheduling order deadline should be reset.

Dated this 20th day of May, 2021.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge