IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 20–cv–03810–WJM–KMT

HAUOLI ULRICH,

     Plaintiff,

v.

DEPARTMENT OF HUMAN SERVICES,
COLORADO MENTAL HEALTH INSTITUTE IN PUEBLO,
STATE PERSONNEL BOARD,
DEPARTMENT OF PERSONNEL & ADMINISTRATION, and
STACY L. WORTHINGTON, Senior Assistant Attorney General,

     Defendants.

---

## ORDER AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

---

**Magistrate Judge Kathleen M. Tafoya**

     This matter is before the court *sua sponte* on Plaintiff's continued failure to effect service of one of the five Defendants named in her Complaint.  (Doc. No. 67; *see* Doc. No. 1.)

     On December 28, 2020, Plaintiff Hauoli Ulrich commenced this federal employment discrimination lawsuit against the Department of Human Services, Colorado Mental Health Institute in Pueblo, State Personnel Board, Department of Personal & Administration, and Stacy L. Worthington, Senior Assistant Attorney General.  (Doc. No. 1.)  To date, service has not been effectuated upon Defendant Stacy L. Worthington.  It is now well-past the ninety-day deadline for service.  *See* Fed. R. Civ. P. 4(m).

On January 3, 2022, this court ordered Plaintiff to show cause as to why her claims against Defendant Worthington should not be dismissed, pursuant to Federal Rule of Civil Procedure 4(m), for lack of service.  (Doc. No. 67.)  Plaintiff was warned that her failure to timely respond and show cause, in writing, for her failure to properly serve Defendant Worthington would result in this court issuing a recommendation to dismiss that individual from this case.  (*Id.*)  To date, however, Plaintiff has not responded to the Order to Show Cause.

Although the court may extend the time for a plaintiff to serve a defendant, even without a showing of good cause, the court is not inclined to do so here.  *See Espinoza v. United States*, 52 F.3d 838, 840-41 (10th Cir. 1995).  This case has been pending against all five Defendants for more than one year.  Plaintiff has failed to perfect service of Defendant Worthington within ninety days of the filing of this case, or to provide any reason for the court to find that an opportunity exists to cure the service deficiency in the future.  Further, Plaintiff was warned, in advance, that the penalty for the failure to serve, or to provide good cause for the service delay, would be the dismissal of her claims against the unserved party.  (Doc. No. 67 at 2.)  Regardless of Plaintiff's desire to proceed with her case, and to have Defendant Worthington answer the claims asserted against her, neither goal can be accomplished without service.  Therefore, because the facts and circumstances in this case do not support a permissive extension of time to serve, the Order to Show Cause is made absolute.

Accordingly, it is

**ORDERED** that the Order to Show Cause (Doc. No. 67) is made **ABSOLUTE**.  This court respectfully

**RECOMMENDS** that the claims against Defendant Stacy L. Worthington be

**DISMISSED without prejudice** pursuant to Federal Rule of Civil Procedure 4(m).

## ADVISEMENT TO THE PARTIES

Within fourteen days after service of a copy of the Recommendation, any party may

serve and file written objections to the Magistrate Judge's proposed findings and

recommendations with the Clerk of the United States District Court for the District of Colorado.

28 U.S.C.   636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995).  A

general objection that does not put the district court on notice of the basis for the objection will

not preserve the objection for *de novo* review.  "[A] party's objections to the magistrate judge's

report and recommendation must be both timely and specific to preserve an issue for de novo

review by the district court or for appellate review."  *United States v. One Parcel of Real Prop.*

*Known As 2121 East 30th Street, Tulsa, Okla.*, 73 F.3d 1057, 1060 (10th Cir. 1996).  Failure to

make timely objections may bar *de novo* review by the district judge of the magistrate judge's

proposed findings and recommendations and will result in a waiver of the right to appeal from a

judgment of the district court based on the proposed findings and recommendations of the

magistrate judge.  *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (a district court's

decision to review a magistrate judge's recommendation *de novo* despite the lack of an objection

does not preclude application of the "firm waiver rule"); *One Parcel of Real Prop.*, 73 F.3d at

1059-60 (a party's objections to the magistrate judge's report and recommendation must be both

timely and specific to preserve an issue for *de novo* review by the district court or for appellate

review); *Int'l Surplus Lines Ins. Co. v. Wyo. Coal Ref. Sys., Inc.*, 52 F.3d 901, 904 (10th Cir.

1995) (by failing to object to certain portions of the magistrate judge's order, cross-claimant had

waived its right to appeal those portions of the ruling); *Ayala v. United States*, 980 F.2d 1342,

1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal

the magistrate judge's ruling); *but see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th

Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

Dated this 24th day of January, 2022.

BY THE COURT:

_____
Kathleen M. Tafoya
United States Magistrate Judge