IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 20–cv–03810–WJM–KMT

HAUOLI ULRICH,

    Plaintiff,

v.

DEPARTMENT OF HUMAN SERVICES,
COLORADO MENTAL HEALTH INSTITUTE IN PUEBLO,
STATE PERSONNEL BOARD,
DEPARTMENT OF PERSONNEL & ADMINISTRATION, and
STACY L. WORTHINGTON, Senior Assistant Attorney General,

    Defendants.

---

### RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

---

**Magistrate Judge Kathleen M. Tafoya**

Before the court are two motions: (1) Defendants' "Motion to Dismiss or in the Alternative for a More Definite Statement;" and (2) Plaintiff's "Motion for Summary Judgment." (["Defendants' Motion"], Doc. No. 17; ["Plaintiff's Motion"], Doc. No. 58.) Plaintiff has responded in opposition to Defendants' motion, and Defendants have replied. (["Response"], Doc. No. 28; ["Reply"], Doc. No. 36.) No response has been filed to Plaintiff's motion, and the time to do so has lapsed.

### STATEMENT OF THE CASE

*Pro se* Plaintiff Hauoli Ulrich ["Ms. Ulrich"], a purportedly disabled mental health clinician, brings this employment discrimination lawsuit against the Department of Human

Services ["DHS"], Colorado Mental Health Institute in Pueblo ["CMHIP"], State Personnel Board ["SPB"], Department of Personnel & Administration ["DPA"], and Stacy L. Worthington, Senior Assistant Attorney General ["Worthington"], asserting violations of the Americans with Disabilities Act ["ADA"], 42 U.S.C. §§ 12101, *et eq.*, and the Colorado Anti-Discrimination Act ["CADA"], Colo. Rev. Stat. §§ 24-34-402 *et. seq.*, as well as wrongful termination. (["Complaint"], Doc. No. 1.)  Ms. Ulrich alleges, specifically, that in the early days of the COVID-19 coronavirus pandemic, around April 2020, her employer, CMHIP, unlawfully denied her request for a "reasonable accommodation" as to its face mask "requirement."  (*Id.* at 4-5.)  Shortly thereafter, on April 15, 2020, Ms. Ulrich was reportedly fired, based on her repeated refusal to comply with certain "communication requirements."  (*Id.* at 8-9.)  Plaintiff now alleges that Defendants' "repeated admonishments & failure to begin/engage in the interactive process" in the weeks preceding her termination "create[] inferences of discrimination."  (*Id.*)

Based on these allegations, on December 28, 2020, Plaintiff commenced this lawsuit against the five named Defendants, asserting three causes of action: (1) an ADA and/or CADA claim for failure to accommodate; (2) an ADA and/or CADA claim for disability discrimination; and (3) a common law claim for wrongful termination.  (*Id.* at 4-5, 8-12.)  As relief, Plaintiff seeks monetary damages, totaling $300 million.  (*Id.* at 33.)  Ms. Ulrich also demands that her termination be "expunged from record," and that Defendants DHS and DPA "never block[]" her in the future "from applying for State employment."  (*Id.* at 32.)

On March 11, 2021, Defendants DHS, CMHIP, SPB, and DPA[1] responded to Plaintiff's allegations by filing a motion to dismiss the Complaint, in its entirety, pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). (Defs.' Mot. 1.) Defendants argue, specifically, that Plaintiff's claims are barred by the Eleventh Amendment, as well as inadequately pleaded. (*Id.* at 3-5.) Defendants move, in the alternative, for a more definite statement under Federal Rule of Civil Procedure 12(e), on the grounds that Plaintiff's allegations "are so deficient" that they "cannot reasonably prepare a response to them." (*Id.* at 6-7.)

## ANALYSIS

### I. Legal Standard for Pro Se *Plaintiff*

Plaintiff is proceeding *pro se*. The court, therefore, "review[s] h[er] pleadings and other papers liberally and hold[s] them to a less stringent standard than those drafted by attorneys." *Trackwell v. United States*, 472 F.3d 1242, 1243 (10th Cir. 2007) (citations omitted); *see Haines v. Kerner*, 404 U.S. 519, 520–21 (1972) (holding the allegations of a *pro se* complaint "to less stringent standards than formal pleadings drafted by lawyers"). However, a *pro se* litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir. 1991). A court may not assume that a plaintiff can prove facts that have not been alleged, or that a defendant has violated laws in ways that a plaintiff has not alleged. *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983); *see Whitney v. New*

---

[1] To date, service has not been effected upon Defendant Stacy L. Worthington. On January 24, 2022, this court issued a recommendation that the claims against Defendant Worthington be dismissed without prejudice, pursuant to Federal Rule of Civil Procedure 4(m), for lack of service. (Doc. No. 68; *see* Doc. No. 67.) That recommendation has not yet been ruled upon.

*Mexico*, 113 F.3d 1170, 1173–74 (10th Cir. 1997) (stating that a court may not "supply additional factual allegations to round out a plaintiff's complaint"); *Drake v. City of Fort Collins*, 927 F.2d 1156, 1159 (10th Cir. 1991) (the court may not "construct arguments or theories for the plaintiff in the absence of any discussion of those issues"). The plaintiff's *pro se* status does not entitle her to an application of different rules. *Montoya v. Chao*, 296 F.3d 952, 957 (10th Cir. 2002).

## II.  The Rule 12(b)(1) Motion

The court begins with Defendants' argument that the claims against them should be dismissed, under Federal Rule of Civil Procedure 12(b)(1), as barred by the Eleventh Amendment. (Defs.' Mot. 3-4.)

### A.  Standard of Review

Federal Rule of Civil Procedure Rule 12(b)(1) empowers a court to dismiss a complaint for a lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). Dismissal under Rule 12(b)(1) is not a judgment on the merits of a plaintiff's case. Rather, it calls for a determination that the court lacks authority to adjudicate the matter, attacking the existence of jurisdiction rather than the allegations of the complaint. *See Castaneda v. INS*, 23 F.3d 1576, 1580 (10th Cir. 1994) (recognizing federal courts are courts of limited jurisdiction and may only exercise jurisdiction when specifically authorized to do so). The burden of establishing subject matter jurisdiction is on the party asserting jurisdiction. *Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974). A court lacking jurisdiction "must dismiss the cause at any stage of the proceedings in which it becomes apparent that jurisdiction is lacking." *Id.* at 909. The dismissal is without prejudice. *Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1218 (10th Cir. 2006).

A Rule 12(b)(1) motion to dismiss "must be determined from the allegations of fact in the complaint, without regard to mere conclusionary allegations of jurisdiction." *Groundhog v. Keeler*, 442 F.2d 674, 677 (10th Cir. 1971).  When considering a Rule 12(b)(1) motion, however, the Court may consider matters outside the pleadings without transforming the motion into one for summary judgment.  *Holt v. United States*, 46 F.3d 1000, 1003 (10th Cir. 1995). If a party challenges the facts upon which subject matter jurisdiction depends, a court may not presume the truthfulness of the complaint's "factual allegations . . . [and it] has wide discretion to allow affidavits, other documents, and [may even hold] a limited evidentiary hearing to resolve disputed jurisdictional facts under Rule 12(b)(1)." *Id*.

### B. *The Eleventh Amendment*

The Eleventh Amendment to the United States Constitution provides: "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. CONST. amend. XI.  It has been interpreted to bar a suit by a citizen against the citizen's own state in federal court, regardless of the form of relief sought, absent a waiver of the state's immunity.[2] *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 98 (1984).  The immunity conferred by the Eleventh Amendment

---

[2] It is worth noting that, under *Ex parte Young*, 209 U.S. 123 (1908), the Eleventh Amendment does *not* preclude claims for prospective injunctive relief made against state officials acting in their official capacities.  *Pennhurst*, 465 U.S. at 106.  However, the *Ex parte Young* exception does not apply to the claims at issue here, given that Defendants DHS, CMHIP, SPB, and DPA are all state agencies, not state officials.  *See Elephant Butte Irrigation Dist. v. Dep't of Interior*, 160 F.3d 602, 607 (observing that the *Ex parte Young* doctrine applies only when the "lawsuit involves an action against state officials, not against the state").

extends to a state and its instrumentalities, including state agencies. *N. Ins. Co. of N.Y. v. Chatham Cnty., Ga.*, 547 U.S. 189, 193 (2006).

Here, Plaintiff asserts claims against DHS, CMHIP, SPB, and DPA, all of which are Colorado state agencies capable of claiming Eleventh Amendment immunity. *See Jenkins v. Colo. Mental Health Inst. at Pueblo, Colo.*, 215 F.3d 1337, 2000 WL 331872, at *1 (10th Cir. 2000) (table decision) ("CMHIP, as an agency of the State of Colorado, is protected by Eleventh Amendment immunity."); *see also* Colo. Rev. Stat. § 24-50-103(1) (creating SPB pursuant to the Colorado Constitution); Colo. Rev. Stat. § 24-1-120(1) (creating DHS as a state entity); Colo. Rev. Stat. § 24-1-128(1) (creating DPA pursuant to the Colorado Constitution). Further, as Defendants correctly point out, Colorado has not waived its immunity with respect to any of the claims asserted here. *See, e.g.*, *Romero v. City & Cnty. of Denver Dep't of Soc. Servs.*, 57 F. App'x 835, 838-39 (10th Cir. 2003) (affirming the dismissal of an ADA claim against a state agency as barred by the Eleventh Amendment); *Sturdevant v. Paulsen*, 218 F.3d 1160, 1162-63 (10th Cir. 2000) (wrongful termination); *Moudden v. Univ. of Colo. Boulder*, No. 18-cv-2514-WJM-SKC, 2019 WL 6975015, at *8 (D. Colo. Dec. 20, 2019) (CADA claims).

On this record, then, Plaintiff's claims against Defendants DHS, CMHIP, SPB, and DPA are barred by the Eleventh Amendment. Therefore, Plaintiff's claims against those entities should be dismissed, in their entirety, under Rule 12(b)(1), for lack of subject matter jurisdiction. As such, there is no need to address Defendants' remaining arguments for dismissal.

**WHEREFORE**, for the foregoing reasons, this court respectfully

**RECOMMENDS** that the "Motion to Dismiss or in the Alternative for a More Definite Statement" (Doc. No. 17) be **GRANTED, in part, and DENIED, in part**. Plaintiff's claims

against Defendants DHS, CMHIP, SPB, and DPA should be dismissed, under Federal Rule of Civil Procedure 12(b)(1), for lack of subject matter jurisdiction, and those entities should be dismissed from this lawsuit.  The Motion should be denied in all other respects.  The court further

**RECOMMENDS** that the "Motion for Summary Judgment" (Doc. No. 58) be **DENIED as MOOT**.

## ADVISEMENT TO THE PARTIES

Within fourteen days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995).  A general objection that does not put the district court on notice of the basis for the objection will not preserve the objection for *de novo* review.  "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review."  *United States v. One Parcel of Real Prop. Known As 2121 East 30th Street, Tulsa, Okla.*, 73 F.3d 1057, 1060 (10th Cir. 1996).  Failure to make timely objections may bar *de novo* review by the district judge of the magistrate judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge.  *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (a district court's decision to review a magistrate judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule"); *One Parcel of Real Prop.*, 73 F.3d at

1059-60 (a party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review); *Int'l Surplus Lines Ins. Co. v. Wyo. Coal Ref. Sys., Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the magistrate judge's order, cross-claimant had waived its right to appeal those portions of the ruling); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the magistrate judge's ruling); *but see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

Dated this 25th day of January, 2022.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge